**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Chief Judge Marcia S. Krieger**

**Civil Action No. 13-cv-01484-MSK,**

**BRINA S. MILTON,**

      **Plaintiff,**

**v.**

**PROGRESSIVE PREFERRED INSURANCE COMPANY,**

      **Defendant.**

---

**ORDER REMANDING CASE**

---

**THIS MATTER** comes before the Court *sua sponte* upon receipt of the Defendant

Progressive Preferred Insurance Company's Notice of Removal **(#1)**.  The Plaintiff, Brina S.

Milton, commenced this action in the Colorado District Court for Boulder County, asserting

claims for breach of contract, common law bad faith, and violation of C.R.S. § 10-3-1116.  The

Defendant removed the case to this Court, citing 28 U.S.C. § 1332 as the basis for this Court's

subject-matter jurisdiction.

A civil action is removable only if the plaintiff could have originally brought the action in

federal court.  28 U.S.C. § 1441(a).  The Court is required to remand "[i]f at any time before

final judgment it appears that the district court lacks subject matter jurisdiction."  28 U.S.C. §

1447(c).  Diversity jurisdiction under 28 U.S.C. § 1332 exists when the case involves a dispute

between citizens of different states, and the amount in controversy exceeds $75,000.  28 U.S.C. §

1332(a)(1).  As the party invoking the federal court's jurisdiction, the defendant bears the burden

of establishing that the requirements for the exercise of diversity jurisdiction are met.  *See*

*Huffman v. Saul Holdings Ltd. P'ship*, 194 F.3d 1072, 1079 (10th Cir. 1999).

The amount in controversy is ordinarily determined by the allegations of the complaint,

or, where they are not dispositive, by the allegations in the notice of removal.  The burden is on

the party requesting removal to set forth, in the notice of removal itself, the underlying facts

supporting the assertion that the amount in controversy exceeds the jurisdictional minimum.

*Laughlin v. Kmart Corp.*, 50 F.3d 871, 873 (10th Cir. 1995); *Martin v. Franklin Capital Corp.*,

251 F.3d 1284, 1290 (10th Cir. 2001).  A defendant seeking removal may rely on an estimate of

potential damages from the allegations in the complaint.  *McPhail v. Deere & Co.*, 529 F.3d 947,

955 (10th Cir. 2008).  Further, the Tenth Circuit has held that "[a] complaint that presents a

combination of facts and theories of recovery that may support a claim in excess of $75,000 can

support removal."  *Id.*

Here, neither the Complaint **(#4)** nor the Notice of Removal **(#1)** expressly quantifies the

amount in controversy.  The Defendant relies on the "Civil Cover Sheet" filed in state court to

assert that Ms. Milton's claims are "worth more than $100,000."  For the reasons stated in *Baker*

*v. Sears Holdings Corp.*, 557 F.Supp.2d 1208 (D.Colo. 2007), the Court finds that the

Defendant's reliance on the cover sheet is insufficient to establish the amount in controversy.

Disregarding the Civil Cover Sheet, the Defendant relies on the alleged injuries and

theories of recovery presented in the Complaint to support its assertions about the amount in

controversy.  The Complaint alleges that Ms. Milton was involved in a car accident with an

underinsured motorist, and as a result, she suffered "pain, suffering, loss of enjoyment of life,

and permanent disfigurement, impairment and/or disability."  The Complaint seeks recovery for

all damages, as well as for "two times the covered under-insured motorist benefits plus

reasonable attorney fees" for alleged violation of C.R.S. § 10-3-1116.  However, the Complaint

does not present any underlying facts as to the specific nature or cost of Ms. Milton's alleged

injuries, such that the Defendant could reasonably estimate the amount in controversy.  As

additional facts, the Defendant asserts that (1) Ms. Milton's insurance policy included an

underinsured motorist benefit with limits of $100,000 per person, or $300,000 per accident, and

(2) Ms. Milton received a $25,000 settlement from the alleged tortfeasor responsible for her

injuries.  The Defendant alleges that Ms. Milton's medical bills exceed the $25,000 she already

received, and that she sustained injuries to her wrist, neck, back and knee.  The Defendant makes

no allegation, however, as to an estimated amount of Ms. Milton's excess medical bills, or the

amount of benefits she claims she is entitled to.  Although one might assume that Ms. Milton

will seek the maximum amount permitted under her policy benefit, that sum is nevertheless

limited by her loss.  The Court finds that there are insufficient factual allegations with regard to

Ms. Milton's loss to calculate the amount in controversy.  Accordingly, the Court lacks subject

matter jurisdiction over this action, and the case must be remanded to state court.

**IT IS THEREFORE ORDERED** that the case is **REMANDED** to the Boulder County

District Court.  The Clerk of the Court shall take appropriate action to accomplish the remand

and close the case.

Dated this 12th day of June, 2013.

BY THE COURT:

*Marcia S. Krieger*

Marcia S. Krieger
Chief United States District Judge